## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § § | |
| Plaintiff, | § § | Case No. 2:14-cv-0187 |
| vs. | § § | Jury Demanded |
| BONANZA.COM, INC., | § § | |
| Defendant. | § § | |

---

### DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT

---

COMES NOW, Defendant BONANZA.COM, INC. ("Bonanza"), by and through undersigned counsel, and respectfully moves this Court to dismiss the complaint brought by Plaintiff Mr. Emmanuel C. Gonzalez or, in the alternative, to transfer this matter to the Western District of Washington.

## I.    INTRODUCTION AND PARTIES

This is an action for patent infringement brought against Bonanza by Mr. Gonzalez, who has alleged infringement of five U.S. Patents, all of which name him as the sole inventor. The patents relate generally to assigning labels to Internet websites.

### A.    Defendant Bonanza.com, Inc.

Bonanza is a small, start-up company headquartered in Seattle, Washington. Harding Decl. ¶ 1, 3. Bonanza was incorporated under the laws of Washington, and maintains its only office in Seattle. *Id.* at ¶ 3. Bonanza does not own or operate an office in Texas, or employ anyone in Texas. *Id.* Bonanza develops, maintains, and operates an online marketplace for niche items and

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

1

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

collectibles. Bonanza started its life under the name "Bonanzle," but changed its name to Bonanza.com in 2010 after the "bonanza.com" domain name became available. *Id*. at ¶ 4. At that time, Bonanza purchased the domain name from an intermediary; because Bonanza used an intermediary, it is not even certain who originally owned the domain name. *Id*. Bonanza has no other connection, either directly or indirectly, to the company identified by Mr. Gonzalez in his complaint as "TradePost Network." *Id*.

## B.    Plaintiff Mr. Emmanuel C. Gonzalez

Mr. Gonzalez appears to be an individual who resides in the Philippines and British Columbia, Canada. See Complaint at ¶ 1 (Dkt 1). Mr. Gonzalez appears to own a family of issued patents that purport to be methods for digitally labeling websites. *Id*. Aside from the filing of patent infringement lawsuits against various website operators,[1] little else is known about Mr. Gonzalez or his business dealings.

## II.    MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(B)(3)

Bonanza moves this Court for an order dismissing this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Mr. Gonzalez asserted that venue in this District is proper pursuant to 28 USC § 1391 and 28 USC § 1400. However, those assertions are in error, and venue in this District is improper under either of those authorities.

## A.    Venue is Improper Under 28 USC § 1391

The statute that defines proper venue for federal actions generally is 28 USC § 1391. Under Section 1391(b), venue is proper in:

---

1   See Dkt 12, Notice of Consolidation of Cases

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

2

Whitaker Law Group
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In the instant matter, venue is not proper in this District under any of the generally-recognized venue provisions.

### 1.    Subsection (1) of Section 1391(b)

As to Subsection (1), Bonanza does not reside in this District; it does not maintain any office or facility of any kind in this District, nor in Texas generally. Harding Decl. In fact, Bonanza does not maintain any facility of any kind outside of the Western District of Washington. *Id*. Accordingly, Subsection (1) does not support venue in this District because Bonanza cannot be considered a "resident" of this District.

It should be noted that Mr. Gonzalez erroneously stated in his complaint that Bonanza "has previously purposely availed itself of the benefits and protections of the laws of the State of Texas by maintaining an agent for service and a principal place of business in Dallas, Texas, and further by conducting business in Texas under the assumed name of 'TradePost Network.'" Complaint at ¶ 5. That statement is untrue. Defendant Bonanza.com, Inc. has never been affiliated in any way with any entity that operated under the name "TradePost Network." See Section I.A., *supra*. Mr. Gonzalez's error is likely because the "bonanza.com" domain name was apparently previously

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

3

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

owned by a company operating under the name TradePost Network. However, Bonanza merely purchased that domain name in 2010 from a third party, not TradePost Network. *Id*. Other than having independently owned the same domain name at different times, Bonanza and TradePost Network have absolutely no connections or ties whatsoever. Bonanza and TradePost Network do not have any common shareholders, directors, officers, or employees. *Id*. Mr. Gonzalez's allegation is simply a product of mistaken identity.

### 2.    Subsection (2) of Section 1391(b)

As to Subsection (2), none of the events giving rise to the claims in this matter occurred in this District. Each of the five patents-in-suit are directed, very generally stated, to assigning labels to Internet websites or the content of Internet websites, and storing those labels on a searchable website. See Complaint ¶¶ 7-12, Exhibits A-E. None of the patents-in-suit pertain to anything other than creating labels for Internet sites and making those labels available. Thus, all of the acts or events that would give rise to claims of patent infringement (and Bonanza denies that any such acts or events have occurred) occur on the host website of the accused service, and none occurs remotely on a visitor's computer. In other words, the visitors to a website have nothing to do with the creation or hosting of "labels" as envisioned by the patents-in-suit. Indeed, the title of one of the patents-in-suit is "*Host Website For Digitally Labeled Websites and Method*."   See U.S.P. 7,558,807. Complaint, Ex. A.

Bonanza's website resides on a host server located in Seattle, Washington. Harding Decl. ¶ 5. Bonanza does not own or maintain any host website server in Texas. *Id*. Accordingly, none of the acts giving rise to the claims of

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

4

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

infringement occurred in this District. Thus, venue under Subsection (2) is improper in this District.

### 3.      Subsection (3) of Section 1391(b)

As to Subsection (3), this District is not the proper venue because this action could have (and should have) been brought in the Western District of Washington. Because this action could have been brought in Washington, and no other district is proper under Subsections (1) or (2), venue is improper under Subsection (3).

Thus, venue is improper in this District under 28 USC § 1391.

## B.     Venue is Improper Under 28 USC § 1400

Proper venue for patent infringement actions specifically is set forth in 28 USC § 1400(b). Under Section 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id*.

Again, venue is not proper in this District under Section 1400 because Bonanza does not reside in, nor does it have a "regular and established place of business" in this District. As stated above, Bonanza has no place of business at all in this District. Harding Decl. ¶ 3. Bonanza simply has no ties or contacts of any kind to this District. *Id*. at ¶ 8. Bonanza resides only in the Western District of Washington, which is the only place where venue for this action is proper.

Thus, venue is improper in this District under 28 USC § 1400.

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

5

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
Phone: 206.436.8500

## C.     This Action Should Be Dismissed

As just established, venue in this District is improper under any available statutory authority. Indeed, the Federal Circuit has ruled that the failure to transfer venue in another case on nearly indistinguishable facts was an abuse of discretion. See *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); c.f., *In re Microsoft Corp.*, Misc. No. 944, 2011 WL 30771 (Fed. Cir. Jan. 5, 2011. Accordingly, Bonanza respectfully requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## III.    ALTERNATIVE MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF WASHINGTON

If the Court finds that dismissal pursuant to Fed. R. Civ. P. 12(b)(3) is inappropriate, Bonanza moves in the alternative for an order transferring this matter to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).  Transfer is appropriate because litigating this case in the Western District of Washington is clearly more convenient for the parties and witnesses than the Eastern District of Texas and will better serve the interests of justice.

## A.     Applicable Law On Transfer Of Venue

A district court may transfer a civil action to another proper venue "[f]or the convenience of parties and witnesses, [and] in the interests of justice." 28 U.S.C. § 1404(a) (2008). Section 1404(a) directs district courts "to evaluate venue issues on a case-by-case basis in light of convenience of the parties and costs to the judicial system." *QR Spex, Inc. v. Motorola, Inc.*, 507 F. Supp. 2d 650, 664 (E.D. Tex. 2007) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  As the Supreme Court explained in *Van Dusen v.*

6

*Barrack*, "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice" regardless of where the action was originally brought.  376 U.S. 612, 616 (1964).

"A motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff." *In re TS Tech USA Corp.*, No. 888, at 4 (Fed. Cir. Dec. 29, 2008) (citing *Volkswagen II*, 545 F.3d at 315).  Thus, while a moving party must make a clear showing that the private and public interest factors favor transfer, that showing need not be based on overwhelming differences in the time or effort required to litigate in the original venue as compared with the transferee venue.  See *Bascom v. Maxim Integrated Prods., Inc.*, 534 F. Supp. 2d 700, 704 (W.D. Tex. 2008) (citing *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 384 (5th Cir. 2007) *aff'd en banc* 545 F.3d 304 (5th Cir. 2008)).

## B.    Summary of the Argument

The Court should transfer this case to the Western District of Washington because there is *no* connection between the parties or issues in this case and the Eastern District of Texas. Neither Mr. Gonzalez nor Bonanza is located in the Eastern District of Texas, and beyond very nominal use of the Bonanza website in this District, which is materially indistinguishable from use of the website in any other judicial district, this case has no connection whatsoever to this forum. In contrast, Bonanza's presence in the Western District of Washington, and the location of relevant documents and witnesses in Washington make the Western District of Washington clearly more convenient for Bonanza.

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

7

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

Similarly, travel for Bonanza employees from Seattle, Washington to Tyler, Texas would force them to spend substantial time away from work and their families, whereas they could simply testify during the ordinary work day if this matter is transferred to the Western District of Washington. Therefore, the Western District of Washington would clearly be more convenient than the Eastern District of Texas for Bonanza.

Likewise, Mr. Gonzalez has a residence in British Columbia, Canada, which is adjacent to the Western District of Washington. A traveler from British Columbia can be at the Western District of Washington courthouse in roughly two hours by car. A traveler from British Columbia could not be in the Eastern District of Texas in less than four hours by airplane. These realities make the Western District of Washington clearly more convenient than this District even for Mr. Gonzalez also. Mr. Gonzalez is the sole-named inventor on all the patents-in-suit, and thus there should be no other percipient witnesses for Mr. Gonzalez who would need to travel.

## C.    The Controlling Law Compels Transfer Of This Matter

In determining whether transfer is warranted, courts engage in a three-part inquiry: First, the action must be one that could have been filed in the judicial district to which transfer is sought. Second, courts examine issues of convenience of the parties and witnesses – often referred to as "the private interest factors." Third, the courts examine the impact on  judicial administration and justice – often referred to as "the public interest factors." See *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

8

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

### 1.     This Action Could Have Been Filed in the Western District of Washington

This action could have (and should have) been filed in the Western District of Washington. Pursuant to 28 U.S.C. § 1391(c), "[f]or purposes of venue under this chapter…a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c) (2008). Here, Bonanza is unquestionably subject to personal jurisdiction in the Western District of Washington because Bonanza was formed under the laws of the State of Washington and its principal place of business is in Seattle, Washington. Venue in the Western District of Washington is accordingly proper.

### 2.     The Private Interests Favor Transfer to the Western District of Washington

The private interest factors to be considered include:  "(1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re TS Tech USA Corp.*, No. 888, at 4 (Fed. Cir. Dec. 29, 2008) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

### a.     The Relative Ease of Access to Sources of Proof

The relative ease of access to sources of proof favors transfer to the Western District of Washington as none of the sources of proof relevant to this case are located in the Eastern District of Texas. As the Federal Circuit held in *In re TS Tech USA Corporation*, the physical location of relevant documentation must be considered by the court when analyzing a motion to transfer,

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

9

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

even if those documents are available electronically. *In re TS Tech USA Corporation*, No. 888, at 7 (Fed. Cir. Dec. 29, 2008).  Many documents today are stored electronically, but just because "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id*. (citing *Volkswagen II*, 545 F.3d at 316 (relative ease of access to sources of proof weighed in favor of transfer of venue in products liability/design defect action where all documents and physical evidence relating to the incident were located in the transferee district)).

As noted above, Bonanza's only place of business is located in Seattle, Washington. Harding  Decl. at ¶ 7. Bonanza does not maintain a place of business anywhere else. *Id*. Therefore, all of Bonanza's relevant documents are located in Washington. Given the nature of discovery in typcial patent infringement actions, the vast majority of documents produced in this action will likely be produced by Bonanza from its office in Seattle, Washington.

In contrast, Mr. Gonzalez does not maintain a residence or (apparently) a place of business in the State of Texas. Thus, any documents which Mr. Gonzalez will produce in this action could easily be produced from his residence in British Columbia.

The only contact of either party with the Eastern District of Texas is the fact that Bonanza's website is accessible in Texas, just as it is accessible in every other venue in the country. But the mere fact that a defendant may have done some business in a venue, standing alone, does not weigh against transfer.  See *In re TS Tech USA Corp*., No. 888, at 7-8 (Fed. Cir. Dec. 29, 2008).  Where "none of the [parties] have an office in the Eastern District of

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

10

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

Texas; none of the identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue" transfer is appropriate, notwithstanding that Bonanza's website is accessible in this District.  *Id*. at 8 (holding that where there are nationwide sales of accused products "the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue").

Thus, the presence of relevant evidence in the Western District of Washington, and absence of relevant evidence in the Eastern District of Texas, weighs heavily in favor of transfer. As none of the relevant documents or witnesses are located in the Eastern District of Texas, and none of the parties have any connection to the District beyond the mere availability of Bonanza's website, the relative access to sources of proof factor favors transfer to the Western District of Washington.

### b.    The Cost of Attendance for Willing Witnesses

The costs associated with providing trial testimony many hundreds of miles from home provides yet another factor that overwhelmingly favors transfer to the Western District of Washington.  See *Seeberger Enter., Inc. v. Mike Thompson RVs, In*c., 502 F. Supp. 2d 531, 540 (W.D. Tex. 2007) (citing *In re Volkswagen of Am. Inc*., 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). This Court has emphasized that the convenience of party witnesses should be considered, particularly where none of the witnesses reside in the Plaintiff's chosen venue.  See *QR Spex, Inc*., 507 F. Supp. 2d at 666 (considering the presence of party witnesses in the transferee venue in deciding to approve transfer).  The burden on Bonanza employees of traveling hundreds of miles to a distant forum, therefore, must be considered in ruling on the instant

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

11

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

motion.

"Where another venue is more convenient to the residences of the parties, in terms of travel miles, over a more remote venue with no factual nexus to the case, the closer venue is the more appropriate." *Hanby*, 144 F. Supp. 2d at 678 (citing *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d at 657 (E.D. Tex. 1999).  As recently reiterated by the Federal Circuit, "because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in *Volkswagen I* a '100-mile' rule, which requires that '[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *In re TS Tech USA Corp.*, No. 888, at 6 (Fed. Cir. Dec. 29, 2008) (quoting *Volkswagen I*, 371 F.3d at 204-05).  The Fifth Circuit has held that it is an "obvious conclusion" that the associated travel costs to witnesses increase with additional distance, since "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which fact witnesses must be away from their regular employment." *Volkswagen II*, 545 F.3d at 317.

Some of Bonanza's employees will undoubtedly be involved in this litigation, including providing deposition testimony and testimony at trial. Bonanza employees will likely be required to testify about various issues including the development, testing, research, and marketing of the accused software. Defendants' employees all reside in Washington, therefore, it is incredibly burdensome for these individuals to travel to the Eastern District

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

12

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

of Texas.  Indeed, *any* witness who would be affiliated with Bonanza would be located in the Western District of Washington. Harding Decl., ¶ 7.

Further, trial in Seattle, Washington would permit Bonanza employees to continue working at their headquarters during trial, thus resulting in a significantly smaller disruption to Bonanza's business than travel to Texas. There is no question the Western District of Washington would be more convenient for Bonanza's witnesses than the Eastern District of Texas.

While Bonanza cannot predict which witnesses Mr. Gonzalez may present at trial, the only obvious witness is Mr. Gonzalez himself since he brought this action in his own name and he is the sole inventor on all the patents-in-suit. Mr. Gonzalez does not reside in Texas; rather, he maintains a residence in British Columbia, which is adjacent to the Western District of Washington.  Accordingly, transferring this matter to the Western District of Washington would result in a time savings even for Mr. Gonzalez.

Accordingly, the convenience of *both* parties favors transfer to the Western District of Washington, given that all of the likely witnesses that might be called in this matter either reside in Washington or are a short car ride from Western Washington.

### c.      Other Factors that May Make Trial of a Case More Expeditious and Inexpensive for the Parties

There is little possibility of delay and prejudice if transfer is granted. Nothing has happened in this case in this District.  A scheduling order has not yet been entered and discovery has not begun. Thus it is unlikely that the case would be delayed if transferred to Washington. Additionally, although Defendant recognizes the patent savvy and efficiency of this District, the

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

13

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

Western District of Washington shares this patent savvy, and there is no basis for believing the action will be delayed in the Western District of Washington. For example, the Western District of Washington has Patent Local Rules that are designed to effectively manage and streamline complex litigation.  As previously noted by this Court, the existence of "rules specifically directed to patent cases" are helpful "to efficiently move patent cases to trial."  See *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 2006 WL 2792211, *3 (E.D. Tex. Sept. 26, 2006).  Similar to the rules governing cases in this District, the patent rules in the Western District of Washington were modeled after the patent rules in the Northern District of California.  Therefore, this factor is neutral.

Accordingly, the sum of the private interest factors weigh heavily in favor of transfer.

### 3.     The Public Interests Favor Transfer to the Western District of Washington

The public interest factors include:  "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

### a.     The Administrative Difficulties Flowing From Court Congestion

A significant factor to be considered in assessing judicial efficiency and the interests of justice is relative docket congestion, and in patent cases, specifically docket congestion for patent cases.  See *MHL Tek, LLC. v. Nissan Motor Co.*, 2008 WL 4283120 at *3 (E.D. Tex. Sept. 10, 2008) (noting that

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

14

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

patent cases "tend to have special rules and procedures"). The patent docket in the Eastern District of Texas is significantly more crowded than the docket managed by the Western District of Washington. In 2008, 291 patent cases were filed in the Eastern District of Texas, more than seven times the 39 patent cases filed in the Western District of Washington in the same period. Further, according to the Federal Court Management Statistics, the Eastern District of Texas has a higher number of overall civil filings than the Western District of Washington, and a standard case filed in the Eastern District of Texas takes on average one month longer to reach disposition than a similar case filed in the Western District of Washington. Paradoxically, denying transfer could pose its own congestion hazards in this District. See *Hanby*, 144 F. Supp. 2d 673, 679 (E.D. Tex. 2001) (noting that "filing cases without any rational relationship to the District could create congestion beyond its judicial resources"). Thus, this factor also weighs in favor of transfer.

### b.    Interest in Having Localized Disputes Decided at Home

The Eastern District of Texas has no local interest in adjudicating this dispute. Neither Bonanza nor Mr. Gonzalez maintain an office in Texas or in this District. Plaintiff justifies his claims against Bonanza in this District on the mere fact that the allegedly infringing software was used to develop a website which is available all over the world, including in this District. The mere availability of a website in this District has no bearing on the fact that venue in Texas is inconvenient under § 1404(a). See *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc*., No. 2:03-CV-425-TJW, at *3 (E.D. Tex. Jul. 23, 2004). As recognized by the Federal Circuit, where the alleged infringement occurs equally throughout the United States, "citizens of the Eastern

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

15

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

District of Texas have no more or less of a meaningful connection to this case than any other venue." *In re TS Tech USA Corp.*, No. 888, at 8 (Fed. Cir. Dec. 29, 2008) (quoting *Volkswagen II*, 545 F.3d at 318 ("stating that it 'stretches logic' to say the local interest factor weighed against transfer because such rationale 'could apply virtually to any judicial district or division in the United States.'")). In contrast, Bonanza is incorporated in Washington State. The Western District of Washington, therefore, has an important local interest in determining the rights and responsibilities of a corporation within its State.

The relative burden on potential jurors also favors transfer to the Western District of Washington.  Subjecting jurors in Washington to the burden of serving on a jury in this case between a company incorporated in Washington and an individual who resides in British Columbia (a short drive away) is reasonable. Subjecting jurors in Texas to the burden of serving on a jury to resolve this dispute, however, is less reasonable because it concerns two parties with no connection to this District, and is based on events that occurred largely outside this District.  See *Hanby*, 144 F. Supp. 2d at 679 (district where the action was filed did not have a local interest in deciding the dispute where neither party nor any identified witness resided in the district). Therefore, as a whole, this factor weighs in favor of transfer.

### c.    Familiarity of the Forum with the Law that Will Govern the Case

While not as active as this District, the Western District of Washington does have an active patent docket, and as a result of hearing many patent cases over the years, is equally well-equipped to accommodate patent

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

16

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

infringement cases.  The Patent Local Rules in the Western District of Washington also assure this case will reach an equally fair, efficient and timely resolution.  Accordingly, this factor is neutral.

### d.   Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

This action will be governed by federal law regardless of its venue, and thus "this  factor has no bearing either way."  *Hanby*, 144 F. Supp. 2d at 679. Further, there is no possibility that a Washington court will be called upon to interpret Texas law.  This factor is therefore neutral.

Thus, the sum of the public interest factors also weighs in favor of transfer to the Western District of Washington.

### 4.   Plaintiff's Choice Of Venue Warrants Little Deference

As the Fifth Circuit recently explained, the Plaintiff's choice of venue is not a separate factor to be considered in a § 1404(a) analysis.  *Volkswagen II*, 545 F.3d at 315 n. 10.  Even if the Plaintiff's choice of venue were considered, any deference typically accorded to a Plaintiff's chosen venue dissipates where the Plaintiff, like Mr. Gonzalez here, does not reside in the chosen venue and that venue "has no factual nexus to the case." *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 656 (E.D. Tex. 1999).  See also *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (providing "minimal deference is given to the plaintiff's choice of the Eastern District" where "no party or identified witness resides in the Eastern District" and there was "no nexus of activity within the Eastern District").  As a result, in this case, the Plaintiff's decision to file in the Eastern District of Texas should be provided minimal consideration in this Court's determination of whether the case

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

17

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

should be transferred to an alternative venue.

## IV.   CONCLUSION

For the foregoing reasons, Bonanza respectfully requests that this Court dismiss this action for improper venue. In the alternative, Bonanza requests that this action be transferred to the United States District Court for the Western District of Washington.

Dated May 19, 2014              Respectfully submitted,

*/s/ John Whitaker*
John Whitaker, WSBA No: 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone (206) 436-8500
Fax (206) 694-2203
*john@wlawgrp.com*

Attorney for Bonanza.com, Inc.

Motion to Dismiss/Transfer
Case No. 2:14-cv-0187

18

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the date indicated below.

Dated: May 19, 2014                  /s/ John Whitaker

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that undersigned counsel for Defendant has not conducted a Conference of Attorneys regarding this motion as it is believed to be unnecessary as a "Motion to Dismiss" pursuant to LR CV-7(i)(1).

Dated: May 19, 2014                  /s/ John Whitaker

WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone:  206.436.8500